UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

| | |
|---|---|
| JOSE MANRIQUE suing individually on his own behalf and representatively on behalf of a class of plaintiffs similarly situated, | CLASS ACTION |
| Plaintiff, | COMPLAINT |
| -against- | |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY | Case No.: 21-cv-224 |
| Defendants. | Jury Trial Demanded |

_____

## CLASS ACTION COMPLAINT

1. Plaintiff JOSE MANRIQUE sues herein under the provisions of Article 9 of the New York Civil Practice Law and Rules, individually on his own behalf and representatively on behalf of a class of plaintiffs similarly situated as more particularly described below.

2. Plaintiff brings this class action to recover damages resulting from Defendant's improper calculation of Basic Economic Loss and First Party Benefits as each relates to wage benefits under Insurance Law §5102 of New York's Comprehensive Automobile Insurance Reparations Act.

3. Under Insurance Law §5102(a)(2), Basic Economic Loss defines the amount of coverage for medical expenses and wages a "covered person" is entitled

to as "up to fifty thousand dollars" with wages further defined as "Loss of earnings from work which the person would have performed had he not been injured" capped at "two thousand dollars per month" for the first three years following an accident. Under Insurance Law §5102(b)(1), First Party Benefits, by contrast, establishes the amount of medical and wage benefits a "covered person" is entitled to be reimbursed from the Basic Economic Loss coverage, with wages calculated as "payments to reimburse a person for basic economic loss," i.e., loss of actual earnings, LESS "Twenty percent of lost earnings," again capped at $2,000.00 per month.

4. Throughout the class period defined below, Defendant has improperly reduced the Insurance Law §5102(a)(2) Basic Economic Loss coverage limits for wages by more than the "two thousand dollars per month" cap set forth in §5102(a)(2) for "covered persons," including MANRIQUE, who earn actual wages in excess of "two thousand dollars per month."

5. As a result of Defendant's actions, plaintiff MANRIQUE and all other "covered persons" earning actual wages in excess of two thousand dollars per month, have been denied First Party Benefits because of the premature exhaustion of Basic Economic Loss resulting in injuries from the improper application of Insurance Law §5102 to policyholders, their assignees, and all other "covered persons" entitled to receive First Party Benefits.

## PARTIES

6. At all times hereinafter mentioned, plaintiff MANRIQUE is a resident of the County of Westchester, State of New York.

7. Defendant STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY ("Defendant") is a corporation organized and existing in a state other than the state of New York, which maintains its principal place of business at One State Farm Plaza, Bloomington, Illinois 61710.

8. Upon information and belief, at all times hereinafter mentioned, Defendant has written, sold and administered claims of motor vehicle insurance policies in the state of New York pursuant to the Insurance Law of the State of New York.

9. Upon information and belief, at all times hereinafter mentioned, Defendant is and has been an entity authorized and licensed to do business in and issue automobile insurance policies in the State of New York under the Insurance Law and is subject to Insurance Law §5102 *et seq*.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332(d)(2)(A), the Class Action Fairness Act, because the matter in controversy exceeds the sum or value of $5,000,000 exclusive of interest and costs, and at least one member of the class of plaintiffs is a citizen of a State different from Defendant.

11. The Court has personal jurisdiction over Defendant because Defendant transacts business in New York and plaintiff's and the class members' causes of action arose as a direct result of such business transaction. Specifically, Defendant advertised, marketed and sold motor vehicle insurance to consumers in New York, and managed claims arising from those insurance policies, as more fully described hereinafter.

12. Venue is proper in this Southern District of New York pursuant to 28 U.S.C. §1391(b)(2), because a substantial part of the events or omissions giving rise to plaintiffs' and the class members' claims occurred in this district.

## FACTS

13. At all times hereinafter mentioned, including July 31, 2019, Suzanne S. Carlson owned a 1999 Toyota motor vehicle covered under a policy of motor vehicle insurance with Defendant STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY under policy number 2488-728-52A, which provided Basic and Optional No-Fault Personal Injury Protection Benefits pursuant to the requirements of the Insurance Law, including §5102.

14. On or about July 31, 2019, MANRIQUE was a passenger in said 1999 Toyota motor vehicle and was injured in an automobile accident and applied to Defendant for First Party Benefits under claim number 52-9868-R52.

15. At the time of the July 31, 2019 automobile accident and at the time of his application for First Party Benefits, MANRIQUE had an actual monthly wage of $3,424.99.

16. Thereafter, Defendant paid a total of $49,214.90 in First Party medical benefits, $14,444.08 in First Party wage benefits over a period of five months and took a credit of $4,420.00 in New York State Disability benefits and $2,648 in Social Security benefits for a total paid of First Party benefits of $70,726.98.

17. Notwithstanding that MANRIQUE was entitled to Basic Economic Loss coverage of $75,000.00, on June 25, 2020 Defendant terminated MANRIQUE's no-fault benefits because he had exhausted his Basic Economic Loss coverage of $50,000.00 and Optional Basic Economic Loss coverage of $25,000.00 after receiving only $70,726.98 in First Party Benefits.

18. Defendant's conclusion that Basic Economic Loss coverage of $75,000.00 had been exhausted was based upon Defendant's improper reduction of Basic Economic Loss by more than the statutorily capped amount of $2,000.00 per month for wages as provided by §5102(a)(2).

19. The reduction of Basic Economic Loss by more than the statutorily capped amount of $2,000.00 per month as provided by §5102(a)(2), resulted in MANRIQUE's combined Basic Economic Loss and Optional Basic Economic Loss

coverage of $75,000.00 being deemed exhausted by Defendant after MANRIQUE had only received First Party Benefits totaling $70,726.98.

20. By reason of the foregoing, MANRIQUE was unable to pay the $4,273.02 balance of necessary First Party medical benefits and/or to receive additional First Party Wage benefits.

## CLASS ACTION ALLEGATIONS

21. Plaintiff MANRIQUE brings this action as a class action pursuant to Article 9 on behalf of himself, and on behalf of the following class:

All "Eligible Injured Persons" as that term is defined by 11 NYCRR §§65-1.1-65-1.3 covered under a policy of insurance issued by STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and subject to the provisions of Insurance Law §5102, who had actual monthly wages in excess of two thousand dollars per month, who have submitted First Party Benefit claims to, and received payment from Defendant for First Party Benefits that included claims for lost wages, and which, after paying at least one month of First Party wage benefits, January 12, 2015. Excluded from the Class are the Defendant company; any entity that has a controlling interest in one or more of the Defendant's companies; current or former directors, officers and counsel of the Defendant company; and any class member who has already

received full compensation of his or her lost wages under the applicable insurance policy.

22. This case is suitable for class treatment because it meets the requirements of FRCP 23 as follows:

    a. **Numerosity**: The Class is so numerous that joinder of all members as individual plaintiffs is impracticable. While the exact number of class members is unknown and can only be ascertained through discovery, Plaintiff believes that there are hundreds if not thousands of class members.

    b. **Commonality**: There are questions of law and fact common to the Class, including:

        i. Whether Defendant has breached its contracts of insurance with class members;

        ii. Whether Defendant has violated General Business Law §349;

        iii. Whether Defendant has violated the Comprehensive Motor Vehicle Insurance Reparations Act, Insurance Law §5101 *et seq.*; and

        iv. Whether Plaintiff and the class have been damaged by Defendant's actions and, if so, the proper measure of such damages.

c. **Typicality**: Plaintiff's claims are typical of the claims of the class because Plaintiff and members of the class each sustained damages arising out of Defendant's wrongful conduct as complained of herein;

d. **Adequacy of representation**: Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has no interests that are antagonistic to, or in conflict with, the interests of the class as a whole, and has engaged competent counsel, experienced in complex litigation.

e. **Prosecution of separate actions by members of the class**:

i. would create a risk of inconsistent or varying adjudications with respect to the individual members of the class, which would establish incompatible standards of conduct for Defendant; and/or

ii. would create a risk of adjudications with respect to individual members of the class that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications, or which would substantially impair or impede their ability to protect their interests.

f. **Defendants acted or refused to act on grounds generally applicable to the class.** Final injunctive relief is appropriate respecting the class as a whole.

g. **Predominance and superiority**: Questions of law and fact common to members of the class predominate over any questions affecting only individual members, and a class action is manageable and superior to other available methods for the fair and efficient adjudication of the controversy.

i. class members have little interest in individually controlling the prosecution or defense of separate actions;

ii. there is no known litigation concerning the controversy already begun by or against class members;

iii. it is desirable to concentrate the litigation of the claims in this forum; and

iv. there will be no unusual difficulties in managing a class action.

## FIRST CAUSE OF ACTION

### Violation of the Comprehensive Motor Vehicle Reparations Act, Insurance Law §5101 *et seq.*

23. Plaintiff MANRIQUE and the class incorporate by reference the allegations set forth in the preceding paragraphs of this class action complaint.

24. As a result of Defendant's improper method of calculating the reduction of Basic Economic Loss for those "covered persons" who earn actual wages in excess of two thousand dollars per month, and whose Basic Economic Loss

Coverage has exhausted, Defendant has not paid MANRIQUE or class members First Party Benefits to which they are entitled under Insurance Law §5103 within thirty days as required by Insurance Law §5106(a).

25. By reason of the foregoing, Defendant is liable to MANRIQUE and the class in an amount equal to the overdue benefits, plus two percent interest per month and reasonable attorneys' fees, or lawful interest from the date Basic Economic Loss was prematurely terminated (exhausted).

## SECOND CAUSE OF ACTION

### Breach of Contract

26. Plaintiff MANRIQUE and the class incorporate by reference the allegations set forth in the preceding paragraphs of this class action complaint.

27. By operation of the Comprehensive Motor Vehicle Reparations Act, every owner's policy of liability insurance issued upon a vehicle registered in New York State must contain, and if it does not contain, shall be construed as containing, provisions providing for payment of first party benefits under the Comprehensive Motor Vehicle Reparations Act.

28. The insurance agreements entered into between Defendant and their policyholders are valid, binding, and enforceable agreements, and the policyholders have performed their obligations under these agreements by paying their premiums,

and MANRIQUE and each class member was either a party to such a contract or a third party beneficiary of such a contract.

29. Defendant, through the actions described above, failed to perform their duties under these contracts, in that they have not fulfilled their obligation to pay the full amount in Basic Economic Loss owed by them under the contracts and have deprived MANRIQUE and members of the class valuable First Party Benefit coverage.

30. By reason of the foregoing, Defendant is liable to MANRIQUE and the members of the class for damages in an amount to be determined at trial.

### THIRD CAUSE OF ACTION

### Violation of General Business Law § 349

31. Plaintiff MANRIQUE and the class incorporate by reference the allegations set forth in the preceding paragraphs of this class action complaint.

32. Defendant's conduct as alleged herein is consumer oriented within the meaning of General Business Law § 349.

33. Defendant represented to Plaintiff and the class that Defendant's insurance policies comply with New York law, including the Comprehensive Motor Vehicle Reparations Act.

34. Defendant further represented to MANRIQUE and the class that Defendant is permitted under New York insurance law to improperly reduce Basic

Economic Loss by more than two thousand dollars per month as alleged above, accelerating the exhaustion of Basic Economic Loss and reducing the amount of First Party Benefits to which MANRIQUE and the class are entitled. Such representations are both deceptive and material.

35. Defendant further represented to MANRIQUE and the class that Defendant charged a premium based upon the availability of the maximum available coverage of First Party Benefits under the Comprehensive Motor Vehicle Reparations Act to which were denied MANRIQUE and the class. Such representations are both deceptive and material.

36. Plaintiff and the class have been damaged as a result of Defendant's misrepresentations.

## FOURTH CAUSE OF ACTION

### Declaratory and Injunctive Relief

37. Plaintiff MANRIQUE and the class incorporate by reference the allegations set forth in the preceding paragraphs of this class action complaint.

38. Defendant's action in improperly reducing Basic Economic Loss coverage by more than two thousand dollars per month for all wage earners that earn in excess of two thousand dollars per month violate the plain language of Insurance Law §5102(a)(2) and the plain language of their insurance policies.

39. Defendant's actions are unlawfully and unilaterally reducing the no-fault coverage for MANRIQUE, members of the class and all future "covered persons" who file for no-fault benefits with Defendant.

40. By reason of the foregoing, plaintiff MANRIQUE and members of the class are entitled to a preliminary and permanent injunction and order, enjoining and restraining the Defendant, their subsidiaries, parent companies and any persons known or unknown acting with them, under them or on their behalf, from reducing Basic Economic Loss coverage for wages by more than the two thousand dollars per month set forth in Insurance Law §5102(a)(2).

41. By reason of the foregoing, plaintiff MANRIQUE and members of the class are entitled to a declaratory judgment and order declaring the obligations of the Defendant, their subsidiaries, parent companies and any persons known or unknown acting with them, under them or on their behalf, regarding the reduction of Basic Economic Loss coverage by more than the two thousand dollars per month set forth in Insurance Law §5102(a)(2).

**DEMAND FOR JURY TRIAL**

42. Plaintiff demands a trial by jury on all issues so triable.

WHEREFORE, Plaintiff MANRIQUE respectfully requests that the Court issue an Order:

    a.    Declaring this action to be a class action;

b.	Awarding Plaintiff and the members of the Class damages against Defendant in an amount to be determined at trial;

c.	Awarding Plaintiff and the class restitution;

d.	Enjoining Defendant from engaging in the practices alleged herein;

e.	Declaring the parties' rights, duties, status and other legal relations under the affected insurance contracts;

f.	Awarding pre-judgment interest; and

g.	Awarding Plaintiff the costs of this action, including reasonable attorneys' fees.

> Respectfully submitted:
>
> /s/ Kevin Fitzpatrick_____
>
> MARSCHHAUSEN & FITZPATRICK, P.C.
> Kevin Fitzpatrick, Esq.
> Dirk Marschhausen, Esq.
> kfitzpatrick@marschfitz.com
> 73 Heitz Place
> Hicksville, New York 11801
> (516) 747-8000
>
> SACKS WESTON LLC
> John K. Weston, Esq.
> jweston@sackslaw.com
> 1845 Walnut Street, Suite 1600
> Philadelphia, PA 19103
> Phone: (215) 925-8200