

1095 Avenue of the Americas
New York, NY 10036-6797
+1 212 698 3500 Main
+1 212 698 3599 Fax
www.dechert.com

**DOUGLAS W. DUNHAM**

douglas.dunham@dechert.com
+1 212 649 8748 Direct
+1 212 698 3599 Fax

January 4, 2022

The Honorable Kenneth M. Karas
United States District Court for the Southern District of New York
300 Quarropas Street
White Plains, NY 10601

Re: *Manrique v. State Farm Mutual Automobile Insurance Co.*, 7:21-cv-0224 (KMK)

Dear Judge Karas:

  This firm is co-counsel to Defendant State Farm Mutual Automobile Insurance Company ("State Farm") in the above-referenced matter. I write pursuant to Rule IIA of the Court's Individual Rules of Practice to respectfully request a pre-motion conference regarding State Farm's intended motion seeking amendment of the Court's December 2, 2021, Opinion and Order (ECF No. 28) (the "Order"), denying in part and granting in part State Farm's motion to dismiss, so as to permit interlocutory appeal, pursuant to 28 U.S.C. § 1292(b), of that portion of the Order denying State Farm's motion to dismiss.

  "Interlocutory orders that are otherwise non-appealable may be reviewed under [28 U.S.C. § 1292(b)] if the district court is of the opinion that such an order involves a controlling question of law as to which there is a substantial ground for a difference of opinion and that immediate appeal from the order could materially advance the ultimate termination of the litigation." *McDonnell Douglas Fin. Corp. v. Penn Power & Light Co.*, 849 F.2d 761, 764 (2d Cir. 1988 (citing 28 U.S.C. §1292(b)). Here, that portion of the Court's Order denying State Farm's motion to dismiss meets all three of the elements set forth in § 1292(b) to qualify for interlocutory appeal.

  In denying State Farm's motion to dismiss, this Court held that, under section 5102(a)(2) of New York's No-Fault Law, where an insured claims lost earnings of more than $2,500 a month, an insurer may not attribute more than $2,000 a month in lost earnings to the running total of Basic Economic Loss (either $50,000 or $70,000). The Court rejected State Farm's contention that the statutory language, as construed by the New York Court of Appeals in *Kurcsics v. Merchants Mutual Insurance Co.*, 49 N.Y.2d 451 (1980), provides that, in such instances, $2,500 should be attributed to Basic Economic Loss, and that, under section 5102(b)(1), the calculation of the amount of lost earnings actually paid out to an insured as First Party Benefits begins with that same $2,500 amount, which is then subject to a reduction of twenty percent.

  The Court's ruling involves a controlling question of law. "[A] question of law is 'controlling' if reversal of the district court's order would terminate the action." *Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro In Amministrazione Straordinaria*, 921 F.2d 21, 24 (2d Cir. 1990). Issues of statutory interpretation are questions of law, *see Roberts v. Tishman Speyer Properties*, 62 A.D.3d 71, 79 (1st Dep't), aff'd, 13 N.Y.3d 270 (2009), and, in this case, those questions are controlling. If the portions of the Order denying State Farm's motion to dismiss (points B(1) and (2) of the Discussion section) are reversed on appeal, such that State Farm was permitted to apply $2,500.00 per month towards the policy limit on Basic Economic Loss, the result would be the complete



Page 2

termination of the action. Plaintiff would have no claim for violation of section 5102, and Plaintiff's claim for breach of contract, which also depends on the asserted violation of the statute, would also fail as a matter of law.

Second, there is substantial ground for difference of opinion with respect to that portion of the Order denying State Farm's motion to dismiss. State Farm respectfully submits that the Court's interpretation of the statutory language misapprehends and is contrary to the decision of the New York Court of Appeals in *Kurcsics*. *Kurcsics* construed both section 5102(a)(2), defining lost earnings for purposes of Basic Economic Loss, and section 5102(b)(1), governing the calculation of First Party Benefits for lost earnings. In construing paragraph (a)(2), *Kurcsics* held that "[t]he [$2,000] per month limitation embodied in section [5102] is not part and parcel of the definition of lost earnings, but, merely, represents the outer limit of recovery set down by the Legislature in the no-fault automobile insurance scheme." *Kurcsics*, 49 N.Y.2d at 458. In tandem with this interpretation of section 5102(a)(2), the *Kurcsics* Court interpreted what is now section 5102(b)(1), which specifies a claimant's First Party Benefits for lost earnings shall be "[t]wenty percent of lost earnings computed pursuant to paragraph two of subsection (a) of this section." N.Y. Ins. Law §5102(b)(1). The Court held that this language "refers only to so much of paragraph [(a)(2)]" as actually "defines lost earnings." *Kurcsics*, 49 N.Y.2d. at 458. Thus, under the *Kurcsics* Court's reasoning, the $2,000 monthly maximum applies as a last step in the determination of First Party Benefits for lost earnings and applies only if, *after* application of the 20% deduction to lost earnings, the "reduced figure exceeds [$2,000] per month, in which case such person would be entitled to a maximum of $2,000] due to the outer net limit imposed by section [5102(a)(2)]." *Id.* at 456-57. Moreover, this passage makes clear that the "outer limit" of recovery for lost earnings referred to by the *Kurcsics* Court in a passage quoted by this Court (Order at 9) is *not* the overall $5,000/$70,000 limit on Basic Economic Loss, but simply a *monthly* outer limit of $2,000 on First Party Benefits for lost earnings.

The substantial ground for a difference of opinion is also demonstrated by post-*Kurcsics* decisions issued by New York appellate courts. Among the decisions that are directly on point and come out differently from the Order are *Skubis v. Nationwide Property & Casualty Insurance Co.*, 303 A.D.2d 984, 755 N.Y.S.2d 919 (4th Dep't 2003), and *Marks v. Nationwide Mutual Insurance Co.*, 228 A.D.2d 937, 644 N.Y.S.2d 656 (3d Dep't 1996). *See also* Decision and Order, *Corey v. USAA Gen. Ins. Co.*, Index No. 800111/2011 (Sup. Ct. Erie Cnty. Aug. 10, 2012), NYECF No. 10. Notably, in *Marks*, the Third Department held that "resolution of this matter is governed by [its] prior decision in *Normile v. Allstate Ins. Co.* (87 AD2d 721, *affd on mem below*, 60 NY2d 1003)," thus indicating its view that, under *Normile*, the $2,000 monthly maximum must be treated in the same manner as section 5102(b)(1)'s setoffs—*i.e.*, applied to the amount of First Party Benefits paid to a plaintiff, with the setoff amount included in the running total of Basic Economic Loss. *See* 228 A.D.2d at 937. This Court took the opposite view, finding *Normile* entirely without relevance. (Order at 11). Simply put, not only is there a "substantial ground for difference of opinion," but there exists an *actual* difference of opinion between this District Court and the New York appellate courts that have considered this issue.

Finally, immediate appeal from the Order may materially advance the ultimate termination of the litigation. As noted above, if that portion of the Order denying Defendant's motion to dismiss is reversed on appeal, then the action would be concluded. Where "the grounds for dismissing pleadings can be restated as a broader legal question that is likely to be dispositive of the case at hand, certification of an interlocutory appeal may be appropriate." *Battala Vidal v. Nielsen*, No. 16-CV-4756(NGG)(JO), 2018 WL 10127043, at *5 (E.D.N.Y. Apr. 30, 2018) (certifying for interlocutory appeal an order denying in part and granting in part motions to dismiss for failure to state a claim). It also bears further note that the discovery, motion practice, and trial required by this putative class action will require substantial time, effort, and resources of the parties and the court, and prudence requires an appeal of this issue *before* engaging in what ultimately may prove for naught in the case of an appellate reversal of the Order. *See Jingrong v. Chinese Anti-Cult World Alliance (CACWA)*, 314 F. Supp. 3d 420, 443-44 (E.D.N.Y. 2018).

**Dechert**
LLP

Page 3

The Order relies on two recent decisions from the Eastern District, *Pryce v. Progressive Corp.*, 2019 WL 8163424 (E.D.N.Y. Nov. 15, 2019), and *Lanzillotta v. GEICO Employees Insurance Co.*, 2020 U.S. Dist. LEXIS 183536 (E.D.N.Y. Sept. 30, 2020). As the Court is aware, State Farm believes those cases were wrongly decided. Motions were made for 1292(b) certification in those cases and denied. Those cases are nowhere near a final judgment that can be appealed, and we are aware of no pending state court cases that are likely to result in further New York appellate decisions in the near future. Accordingly, if 1292(b) certification is not granted in this case, State Farm and other insurers will be left for a lengthy period without a definitive guidance as to what is required under section 5102. The exceptional importance of these issues and their impact on both insureds and the insurance industry as a whole further warrant interlocutory appeal.

Courts in this Circuit have certified for interlocutory appeal similar orders denying motions for dismissal for failure to state a claim. *See New York v. Atl. States Marine Fisheries Comm'n*, 609 F.3d 524, 530 (2d Cir. 2010); *Vidal*, 2018 WL 10127043, at *3 ("[D]istrict courts routinely certify, and the Second Circuit routinely accepts, appeals from [orders denying motions to dismiss for failure to state a claim] under § 1292(b).").

In light of the above, State Farm intends to move this Court to amend the Order to expressly state that it is the Court's opinion that the portion of the Order denying State Farm's motion to dismiss regarding Plaintiff's claims for violation of New York Insurance Law § 5102 and for breach of contract (*i.e.* Parts B.1 and 2 of the Discussion section) involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the Order may materially advance the ultimate termination of the litigation.

State Farm looks forward to discussing its intended motion with the Court. The Court's time and attention to this matter is appreciated.

Respectfully Submitted,

*/s/ Douglas W. Dunham*

Douglas W. Dunham

cc: All Counsel of Record