UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSE MANRIQUE, *suing individually on his own behalf and representatively on behalf of a class of plaintiffs similarly situated*,<br><br>                                   Plaintiff,<br><br>                              v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>                                   Defendant. | No. 21-CV-224 (KMK)<br><br>OPINION & ORDER |

<u>Appearances:</u>

Kevin P. Fitzpatrick, Esq.
Marschhausen & Fitzpatrick, P.C.
Hicksville, NY
*Counsel for Plaintiff*

John K. Weston, Esq.
Sacks Weston Petrelli Diamond & Millstein LLC
Philadelphia, PA
*Counsel for Plaintiff*

Brian L. Bank, Esq.
Evan H. Krinick, Esq.
Rivkin Radler LLP
Uniondale, NY
*Counsel for Defendant*

Douglas W. Dunham, Esq.
Ellen P. Quackenbos, Esq.
Dechert LLP
New York, NY
*Counsel for Defendant*

KENNETH M. KARAS, United States District Judge:

Jose Manrique ("Plaintiff") brings a putative class action lawsuit against State Farm Mutual Automobile Insurance Company ("Defendant"), seeking damages as well as declaratory and injunctive relief for Defendant's alleged violations of the New York Insurance Law and New York General Business Law and for breach of contract with respect to automobile insurance policies Defendant issued.  (*See generally* Compl. (Dkt. No. 6).)  Before the Court is Defendant's Motion for an Order amending the Court's December 2, 2021, Opinion & Order, (Dkt. No. 28 ("2021 Op.")), to permit interlocutory appeal pursuant to 28 U.S.C. § 1292(b).  (*See* Not. of Mot. (Dkt. No. 38).)  For the following reasons, the Motion is denied.

<u>I.  Background</u>

The Court assumes familiarity with the facts at issue discussed in the December 2021 Opinion and Order as well as the case's procedural history.  (*See generally* 2021 Op.)  On December 2, 2021, the Court granted in part and denied in part Defendant's motion to dismiss; specifically, the Court denied the motion with respect to Plaintiff's claim under New York Insurance Law §5102, as well as with respect to Plaintiff's breach of contract claim, but granted the motion with respect to Plaintiff's claims under New York General Business Law § 349 and for declaratory and injunctive relief.  (*See id.* at 18.)

On January 31, 2022, pursuant to the Court's Motion Scheduling Order, (Dkt. No. 35), Defendant filed the instant Motion as well as a memorandum of law in support of the Motion and a declaration by counsel, (*see* Not. of Mot.; Def.'s Mem. of Law in Supp. of Mot. ("Def.'s Mem.") (Dkt. No. 39); Decl. of Brian Bank (Dkt. No. 40)).  On February 19, 2022, Plaintiff filed a memorandum of law in opposition to the Motion as well as a declaration by counsel.  (*See* Pl.'s Mem. of Law in Opp. of Mot. ("Pl.'s Mem.") (Dkt. No. 41); Decl. of Kevin Fitzpatrick (Dkt. No.

2

42).)  Finally, Defendant submitted a reply memorandum of law in support of the motion as well as another declaration by different counsel.  (*See* Def.'s Reply Mem. of Law in Supp. of Mot. ("Def.'s Reply Mem.") (Dkt. No. 43); Decl. of Douglas Dunham (Dkt. No. 44).)

## II.  Discussion

### A.  Standard of Review

"Interlocutory orders that are otherwise non-appealable may be reviewed under [§ 1292(b)] if the district court is of the opinion that such an order [(1)] involves a controlling question of law [(2)] as to which there is a substantial ground for a difference of opinion and [(3)] that immediate appeal could materially advance the ultimate termination of the litigation." *McDonnell Douglas Fin. Corp. v. Pa. Power & Light Co.*, 849 F.2d 761, 764 (2d Cir. 1988) (citing 28 U.S.C. § 1292(b)); *see also Orthodox Jewish Coal. of Chestnut Ridge v. Village of Chestnut Ridge*, No. 19-CV-443, 2021 WL 6127049, at *8 (S.D.N.Y. Dec. 28, 2021) ("Section 1292(b) provides that a district court may certify an immediate appeal of an interlocutory order if the court is 'of the opinion that such order involves a controlling question of law as to which there is substantial ground of difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation.'" (quoting 28 U.S.C. § 1292(b))).  "The party seeking interlocutory appeal has the burden to establish all three [§] 1292(b) factors."  *United States ex rel. Quartararo v. Cath. Health Sys. of Long Island Inc.*, 521 F. Supp. 3d 265, 273 (E.D.N.Y. 2021).  But "even when the elements of [§] 1292(b) are satisfied, the district court retains unfettered discretion to deny certification," *Belya v. Kapral*, No. 20-CV-6597, 2021 WL 2809604, at *1 (S.D.N.Y. July 6, 2021) (quoting *Garber v. Off. of the Comm'r of Baseball*, 120 F. Supp. 3d 334, 337 (S.D.N.Y. 2014)), because "interlocutory appeals are presumptively disfavored," *Quartararo*, 521 F. Supp. 3d at 273 (alteration omitted) (quoting

*McGraw-Hill Glob. Educ. Holdings, LLC v. Mathrani*, 293 F. Supp. 3d 394, 399 (S.D.N.Y. 2018)).  Indeed, "although [§ 1292(b)] was designed as a means to make an interlocutory appeal available, it is a rare exception to the final judgment rule that generally prohibits piecemeal appeals." *Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 865 (2d Cir. 1996).  Accordingly, "only 'exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.'" *Klinghoffer v. S.N.C. Achille Lauro ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria*, 921 F.2d 21, 25 (2d Cir. 1990) (alteration omitted) (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978)); *see also Flor v. Bot Fin. Corp. (In re Flor)*, 79 F.3d 281, 284 (2d Cir. 1996) ("As we have repeatedly cautioned, however, use of this certification procedure should be strictly limited because 'only exceptional circumstances will justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.'" (alterations omitted) (quoting *Klinghoffer*, 921 F.2d at 25)).  Should the district court certify an order for interlocutory appeal pursuant to § 1292(b), "the Court of Appeals may either accept or reject the interlocutory appeal at its own discretion." *Leacock v. Nassau Health Care Corp.*, No. 08-CV-2401, 2016 WL 11491343, at *1 (E.D.N.Y. Mar. 3, 2016) (citing 28 U.S.C. § 1292(b)).

B.  Analysis

Broadly speaking, Defendant asserts that the "portion of the Court's Order denying State Farm's motion to dismiss meets all three of the elements set forth in § 1292(b) to qualify for interlocutory appeal."  (Def.'s Mem. 6.)  Plaintiff, on the other hand, asserts that Defendant falls short on the second necessary condition, a substantial ground for a difference of opinion, and that even if Defendant could meet this requirement, this Action lacks the exceptional circumstances

4

required to permit interlocutory appeal.  (*See* Pl.'s Mem. 1.)   The Court reviews the three

necessary factors as well as whether the Action presents exceptional circumstances.

### 1.  First and Third Requirements

The first requirement for a district court to certify an order for interlocutory appeal is that

the order "involves a controlling question of law."  28 U.S.C. §1292(b).  A question of law is

"controlling" if it "may importantly affect the conduct of an action."  *Chem. Bank v. Slaner (In*

*re Duplan Corp.)*, 591 F.2d 139, 148 n.11 (2d Cir. 1978) (citing *Coopers & Lybrand*, 437 U.S. at

475); *see also Davarci v. Uber Techs., Inc.*, No. 20-CV-9224, 2021 WL 5326412, at *2

(S.D.N.Y. Nov. 15, 2021) (same).  This threshold is easily met "[w]here reversal of the district

court's order 'would terminate the action,'" *Quartararo*, 521 F. Supp. 3d at 276 (quoting

*Klinghoffer*, 921 F.2d at 24), but the potential termination of litigation upon interlocutory appeal

and reversal is not required, *see In re Gen. Motors LLC Ignition Switch Litig.*, 427 F. Supp. 3d

374, 392 (S.D.N.Y. 2019) ("[T]he resolution of an issue need not necessarily terminate an action

to be controlling." (alteration in original) (quoting *Klinghoffer*, 921 F.2d at 24)).

The third requirement for a district court to certify an order for interlocutory appeal is

that "an immediate appeal from the order may materially advance the ultimate termination of the

litigation." 28 U.S.C. §1292(b).  This requirement, which "primarily concerns judicial

efficiency," *Molner v. Reed Smith LLP (In re Aramid Ent. Fund Ltd.)*, No. 21-CV-4840, 2022

WL 118293, at *8 (S.D.N.Y. Jan. 12, 2022), "is satisfied 'if that appeal promises to advance the

time for trial or to shorten the time required for trial,'" *Ema Fin., LLC v. Vystar Corp.*, No. 19-

CV-1545, 2021 WL 5998411, at *3 (S.D.N.Y. Dec. 20, 2021) (quoting *Florio v. City of New*

*York*, No. 06-CV-6473, 2008 WL 3068247, at *1 (S.D.N.Y. Aug. 5, 2008)).  "Courts place

particular weight on [this factor]."  *Id.* (quoting *Florio*, 2008 WL 3068247, at *1); *see also Davis*

*v. Elliot Mgmt. Corp. (In re Lehman Bros. Holdings Inc.)*, No. 13-CV-2211, 2014 WL 3408574,
at *1 (S.D.N.Y. June 30, 2014) (referring to the "third criterion" as "the most important"
(quotation marks omitted)); *S.E.C. v. Gruss*, No. 11-CV-2420, 2012 WL 3306166, at *4
(S.D.N.Y. Aug. 13, 2012) (referring to the "the third and most important element of the
[§] 1292(b) test").

      "Although technically the question of whether there is a controlling issue of law is
distinct from the question of whether certification would materially advance the ultimate
termination of the litigation, in practice the two questions are closely connected." *In re Gen.
Motors*, 427 F. Supp. 3d at 393 (quoting *S.E.C. v. Credit Bancorp, Ltd.*, 103 F. Supp. 2d 223,
227 (S.D.N.Y. 2000)); *see also In re Duplan*, 591 F.2d at 148 n.11 ("[C]ourts have tended to
make the 'controlling question' requirement one with the requirement that its determination 'may
materially advance the ultimate termination of the litigation'" (citation omitted)); *Pub. Int. Rsch.
Grp. of N.J., Inc. v. Hercules, Inc.*, 830 F. Supp. 1549, 1557 (D.N.J. 1993) ("The requirement
that an appeal may materially advance the ultimate termination of the litigation is closely tied to
the requirement that the order involve a controlling question of law." (quoting 16 C. Wright, A.
Miller, E. Cooper, E. Gressman Federal Practice & Procedure § 3930, at 163 (1977))).

      Defendant, the movant and thus the party that bears the burden of proving these elements,
*see Murray v. UBS Sec., LLC*, No. 12-CV-5914, 2014 WL 1316472, at *2 (S.D.N.Y. Apr. 1,
2014) (citing *Casey v. Long Island R.R. Co.*, 406 F.3d 142, 146 (2d Cir. 2005)), argues that these
two criteria have been met, (*see* Def.'s Mem. 6–8 (controlling question of law), 16–18
(materially advance the ultimate termination of litigation)).  Plaintiff essentially concedes these

points, having failed to respond to them.  (*See generally* Pl.'s Mem.)[1]  Accordingly, the Court

considers the first and third requirements met.  *See, e.g.*, *Felske v. Hirschmann*, No. 10-CV-

8899, 2012 WL 716632, at *3 (S.D.N.Y. Mar. 1, 2012) (collecting cases to substantiate the

holding that "[a] plaintiff effectively concedes a defendant's arguments by his failure to respond

to them").

### 2.  Substantial Ground For A Difference Of Opinion

"A substantial ground for difference of opinion exists when '(1) there is conflicting

authority on the issue, or (2) the issue is particularly difficult and of first impression for the

Second Circuit.'"  *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 986 F. Supp. 2d 524, 539

(S.D.N.Y. 2014) (quoting *Capitol Records, LLC v. Vimeo, LLC*, 972 F. Supp. 2d 537, 551

(S.D.N.Y. Dec. 31, 2013)).

Defendant asserts that there exists "conflict between the decisions of this Court and two

other New York federal district courts, on the one hand, and the decisions of New York State

appellate and trial courts, on the other."  (Def.'s Mem. 12.)  It follows, Defendant argues, that

because federal courts are generally bound to apply state law as interpreted by state courts, *see,*

*e.g.*, *V.S. v. Muhammad*, 595 F.3d 426, 432 (2d Cir. 2010), substantial ground for a difference of

opinion exists, (*see* Def.'s Mem. 12–13).[2]

---

[1] And with good reason: "If the portion of the [Opinion] and Order that denied Defendant['s] motion to dismiss is reversed, the action would be terminated.  In the same vein, an immediate appeal may advance the termination of this action."  *Lanzillotta v. GEICO Emps. Ins. Co.*, No. 19-CV-1465, 2021 WL 2381905, at *1 (E.D.N.Y. June 10, 2021).

[2] Assuming there exists such a conflict, whether such a conflict constitutes sufficient ground for a substantial difference of opinion is unclear.  The Court is unaware of any case law from the Second Circuit so holding, though Defendant asserts that one recent decision a different district within the Second Circuit could be read to suggest so, as "the [c]ourt reject[ed] [the]

Defendant has not identified any such conflict, however, only its frustration with the Court's reading of the case law and statutory text.  As was the case for the Court's adjudication of Defendant's Motion to Dismiss, *see Manrique v. State Farm Mut. Auto. Ins. Co.*, No. 21-CV-224, 2021 WL 5745717, at *4 (S.D.N.Y. Dec. 2, 2021), the Court finds the rulings and reasoning from a nearly identical case in the Eastern District of New York—following arguments made and opposed by overlapping counsel—instructive.

In *Lanzillotta v. Geico Employees Ins. Co.*, No. 19-CV-1465, 2021 WL 2381905 (E.D.N.Y. June 10, 2021), Judge Irizarry similarly denied a motion to permit interlocutory appeal following a denial in part of a motion to dismiss. *See id.* at *1–2.  In that case, the defendant relied on the same cases Defendant does here—namely *Normile v. Allstate Insurance Company*, 87 A.D.2d 721, 721 (App. Div. 1982), *aff'd*, 60 N.Y.2d 1003 (N.Y. 1983) and its progeny, *Skubis v. Nationwide Prop. & Cas. Ins. Co.*, 303 A.D.2d 984 (App. Div. 2003), *Marks v. Nationwide Mut. Ins. Co.*, 228 A.D.2d 937 (App. Div. 1996), and *Corey v. USAA Gen. Ins. Co.*, Index No. 800111/2011 (N.Y. Sup. Ct. Aug. 10, 2012)—to assert that there exists "substantial ground for [a] difference of opinion."  *Lanzillotta*, 2021 WL 2381905, at *2.  (*See also* Def.'s Mem. 8–13.)  Judge Irizarry concluded that the defendant's argument remained "without merit" because, as she had already found at the motion to dismiss stage, those cases

---

[d]efendant's reading" of Florida state case law but nonetheless granted an interlocutory appeal because "fair-minded jurists could reach another result."  *Sportsinsurance.com, Inc. v. Hanover Ins. Co., Inc.*, No. 20-CV-403, 2021 WL 1404581, at *8 (N.D.N.Y. Apr. 14, 2021).  (*See* Def.'s Mem. 4.)

were "inapposite." *Lanzillotta*, 2021 WL 2381905, at *2. Thus, the *Lanzillotta* court in found, the second interlocutory requirement was not met. *See* 2021 WL 2381905, at *2.[3]

The Court agrees with Judge Irizarry's reasoning. Defendant's resuscitation of an argument that has been roundly rejected by three federal courts—including this one—does little to persuade the Court here that there is substantial ground for a difference of opinion. Rather, "Defendant['s] motion consists entirely of assertions and precedent rejected in [the Court's prior opinion], and a motion for certification may not be used to simply 'repeat arguments made in a motion to dismiss.'" *In re Facebook*, 986 F. Supp. 2d at 531 (quoting *Gruss*, 2012 WL 3306166, at *4); *cf. In re Goldman Sachs Grp., Inc. Sec. Litig.*, No. 10-CV-3461, 2014 WL 5002090, at *3 (S.D.N.Y. Oct. 7, 2014) ("[T]here is always the possibility for a difference of opinion. The [c]ourt is doubtful that [the] [d]efendants have demonstrated a *substantial* ground for difference of opinion."). Accordingly, the Court finds that Defendant's repetition of arguments previously made concerning the applicability of inapposite state case law does not create substantial grounds for a difference of opinion. *See Lanzillotta*, 2021 WL 2381905, at *2.

### 3. Exceptional Circumstances

The Second Circuit has suggested that the subject matter of a given action should not serve as a litmus test or guidepost vis-à-vis if it is "exceptional," but instead that "[§] 1292(b)'s legislative history reveals that . . . [its use] is reserved for those cases where an intermediate appeal may avoid protracted litigation." *Koehler*, 101 F.3d at 865–66 (citing *Milbert v. Bison*

---

[3] Notably, the court in *Pryce*, which concerns yet another copy-cat lawsuit concerning this same issue, did not opine on the question; following the denial of a motion to dismiss, Judge Dearie found that the case lacked the requisite exceptional circumstances to merit certifying the auto insurance defendant's interlocutory appeal and denied on those grounds only via a one-sentence memo endorsement. *See* Order, *Pryce v. Progressive Cas. Ins. Co.*, No. 19-CV-1467 (E.D.N.Y. Dec. 27, 2019), Dkt. No. 25.

*Labs.*, 260 F.2d 431, 433–35 (3d Cir. 1958)).  A case in this district interpreting *Milbert* shortly after its adoption cogently encapsulates this idea:

> It is clear that this legislation was aimed at the 'big' and expensive case where an unusual amount of time and money may be expended in the pre-trial phases of the case or where the trial itself is likely to be long and costly.  The Senate report mentions anti-trust actions as an example of the type of case in which appeals might be allowed under the statute.  There is nothing in the language of the statute or its legislative history to support the view that Congress intended to establish something akin to a 'certiorari' policy for the Courts of Appeals whereby 'important' cases would receive special appellate treatment.

*Bobolakis v. Compania Panamena Maritima San Gerassimo, S. A.*, 168 F. Supp. 236, 239–40 (S.D.N.Y. 1958); *see also Lanzillotta*, 2021 WL 2381905, at *2 ("Certification for interlocutory appeal is not intended as a vehicle to provide early review of difficult rulings in hard cases." (quoting *In re Air Crash at Georgetown, Guyana on July 30, 2011*, 33 F. Supp. 3d 139, 155 (E.D.N.Y. 2014))).

Cases to which Defendant cites—from districts within and without the Second Circuit—have seemingly discarded this singular lodestar and certified interlocutory appeals pursuant to a finding of exceptional circumstances in part because of the matter's potentially far-reaching ripple effects.  (*See* Def.'s Mem. 18–19 (citing *Capitol Recs.*, 972 F. Supp. 2d at 553; *Quartararo*, 521 F. Supp. 3d at 278; and *In re Actos End-Payor Antitrust Litig.*, No. 13-CV-9244, 2020 WL 433710, at *2 (S.D.N.Y. Jan. 28, 2020)).)  However, each case Defendant cites traces its holding back to *Klinghoffer*, in which the Second Circuit emphasized that "the impact that an appeal will have on other cases is a factor that *we* may take into account in deciding whether to accept an appeal *that has been properly certified by the district court*."  921 F.2d at 24 (emphasis added).  In other words, the broader impact of the issue to be litigated on appeal is one of the Second Circuit's factors to consider in whether to accept a certified interlocutory

appeal, *not* whether the potential appeal of an issue constitutes "exceptional circumstances"—an entirely separate calculus. *Cf. Leacock*, 2016 WL 11491343, at *1 ("When the district court certifies an order for interlocutory appeal pursuant to Section 1292(b), the Court of Appeals may either accept or reject the interlocutory appeal at its own discretion." (citing 28 U.S.C. § 1292(b))); *Galu v. Swissair*, No. 86-CV-5551, 1988 WL 70323, at *1 (S.D.N.Y. June 28, 1988) ("[E]ven if the [d]istrict [c]ourt certifies an interlocutory appeal under § 1292(b), the [c]ourt of [a]ppeals has the power, *frequently exercised*, to reject the certification and postpone any appeals until after trial." (emphasis added)).  Thus, in determining whether such exceptional circumstances worthy of interlocutory appeal exist, the Court focuses *solely* on whether litigation would be expensive and protracted, *see Bobolakis*, 168 F. Supp. at 239–40, as opposed to its importance or its impact on "New York public policy concerns," (Def.'s Mem. 19; *see also* Def.'s Reply Mem. 10).

    With respect to the narrow question of whether an interlocutory appeal would avoid costly and protracted litigation, the Court finds that it would not.  Defendant points to the other federal cases pending in the Eastern District of New York—again, both of which this Court relied on at the pleadings stage—as evidence to the contrary, arguing that those cases "will consume considerable time and resources, both for the courts and for the parties," as neither "appears to be close to a final judgment."  (Def.'s Mem. 18.)

    The Court finds Defendant's concerns are exaggerated and unexceptional.  In the first instance, Defendant is not party to those cases, nor is this Court overseeing them.  Thus, their relevance with regard to Defendant's argument is only the speed with which the Second Circuit may ultimately hear the legal issue presented.  And yet, both cases are proceeding apace such that the Second Circuit may soon opine on the issue: the court in *Pryce* has already certified a

class, while the parties in *Lanzillotta* have submitted briefing regarding potential class

certification.[4]  Defendant's argument regarding the duration of time until the Second Circuit

could hear an analogous case is therefore accorded little weight, if any.

Defendant's concerns about the cost and timeliness of its own discovery and litigation are

also unpersuasive.  This is a narrow legal issue: did Defendant underpay insureds like Plaintiff

injured in an automobile accident?  Large antitrust actions like those seemingly contemplated by

§ 1292(b) can require that the parties take some "400 depositions, including 21 expert

depositions, and review[] more than 5 million pages of documents during approximately seven

years of litigation."  *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 117 (2d Cir. 2005)

(describing the exceptional amount of work that went into litigating an antitrust class action

claim between "a clash of commercial titans," namely retail stores against credit card

companies).  The *Lanzillotta* and *Pryce* courts presiding over nearly identical cases prove that

Defendant's concerns are overblown.

In *Lanzillotta*, the parties sought only five months for fact discovery.  *See* Minute Entry,

*Lanzillotta v. GEICO Emps. Ins. Co.*, No. 19-CV-1465 (E.D.N.Y. Nov. 5, 2020).  The parties

requested—and were granted—subsequent extensions because of "[a]dministrative issues," Joint

Status Rpt., *Lanzillotta v. GEICO Emps. Ins. Co.*, No. 19-CV-1465 (E.D.N.Y. Mar. 15, 2021),

Dkt. No. 33, and "to accommodate the schedules of the witnesses and counsel," Mot. for

Extension of Time, *Lanzillotta v. GEICO Emps. Ins. Co.*, No. 19-CV-1465 (E.D.N.Y. Apr. 26,

---

[4] "A court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings."  *Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006) (quoting *Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.*, 146 F.3d 66, 70 (2d Cir. 1998)).

2021), Dkt. No. 34.  Thereafter, expert discovery similarly took only a matter of months.  *See* Minute Entry, *Lanzillotta v. GEICO Emps. Ins. Co.*, No. 19-CV-1465 (E.D.N.Y. May 10, 2021); Minute Entry, *Lanzillotta v. GEICO Emps. Ins. Co.*, No. 19-CV-1465 (E.D.N.Y.  Nov. 24, 2021). The same was true in *Pryce*, where the parties agreed on a quick class certification briefing schedule and were only delayed in light of the then-recent emergence of the COVID-19 pandemic.  *See* Case Mgmt. Stmt., *Pryce v. Progressive Cas. Ins. Co.*, No. 19-CV-1467 (E.D.N.Y. Dec. 13, 2019), Dkt. No. 19; Joint Mot. for Extension of Time, *Pryce v. Progressive Cas. Ins. Co.*, No. 19-CV-1467 (E.D.N.Y. Apr. 3, 2020), Dkt. No. 26; Joint Mot. for Extension of Time, *Pryce v. Progressive Cas. Ins. Co.*, No. 19-CV-1467 (E.D.N.Y. May 29, 2020), Dkt. No. 27; Joint Mot. to Adjourn Conference & Extend Case Mgmt. Deadlines, *Pryce v. Progressive Cas. Ins. Co.*, No. 19-CV-1467 (E.D.N.Y. Sept. 11, 2020), Dkt. No. 30.  At this juncture, the Court sees no reason as to why discovery would not be constrained and efficient in this Action.

Defendant nonetheless appears to argue that because this is a class action, it will be, by definition, timely and costly.  Yet "[w]hile Defendant[] contend[s] that certification of interlocutory appeal may allow the [putative class action] to be dismissed, obtaining reversal of an opinion denying a motion to dismiss will *always* contain the possibility of a dismissal and is not an 'exceptional circumstance' that 'justif[ies] a departure from the basic policy of postponing appellate review until after the entry of a final judgment.'"  *In re Facebook*, 986 F. Supp. 2d at 531 (quoting *Coopers & Lybrand*, 437 U.S. at 475).  This reasoning applies with equal force here.  In short, the pre-trial discovery and the potential trial itself in this Action is not likely to either be "long" or "costly," and thus this is not the sort of exceptionally "big and expensive case" Congress sought to avert via interlocutory appeal.  *Bobolakis*, 168 F. Supp. at 239.

13

Arguably as important, beyond the aforementioned public policy discussions, Defendant fails to offer an explanation—let alone a persuasive one—as to why the *Lanzillotta* and *Pryce* courts, which adjudicated substantively identical motions, were wrong to conclude that "[t]here are no exceptional circumstances to warrant the relief requested."  Order 1, *Pryce v. Progressive Cas. Ins. Co.*, No. 19-CV-1467 (E.D.N.Y. Dec. 27, 2019), Dkt. No. 25.  Accordingly, "[t]he same result is warranted here."  *Lanzillotta*, 2021 WL 2381905, at *2.

Given the absence of a conflict with state law cases and a lack of exceptional circumstances, dovetailing the understanding that "[i]nterlocutory appeals are strongly disfavored in federal practice," *In re Ambac Fin. Grp., Inc. Sec. Litig.*, 693 F. Supp. 2d 241, 282 (S.D.N.Y. 2010), the Court finds it inappropriate to certify Defendant's appeal at this juncture.

### III.  Conclusion

For the foregoing reasons, Defendant's Motion is denied.  The Clerk of Court is respectfully directed to terminate the pending Motion.  (Dkt. No. 38.)  In light of Plaintiff's unfortunate passing, (Dkt. No. 45), the Court will schedule a status conference following counsel's motion to substitute the decedent's Administrator in his place.

SO ORDERED.

Dated:   July 1, 2022
         White Plains, New York

_____
        KENNETH M. KARAS
        United States District Judge