UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
RITA CARDENAS, as Administrator of the Estate of      Docket No.: 7:21-cv-00224-KMK
JOSE MANRIQUE, suing individually on her own behalf
and representatively on behalf of a class of plaintiffs
similarly situated,

                               Plaintiff,

                              -against-

STATE FARM MUTUAL AUTOMOBILE INSURANCE
COMPANY,

                              Defendants.
-------------------------------------------------------------------X

**PROTECTIVE ORDER UNDER FED. R. EVID. 502(d) REGARDING NON-WAIVER OF INFORMATION SUBJECT TO ATTORNEY-CLIENT PRIVILEGE OR WORK PRODUCT PROTECTION**

       1.      Pursuant to the agreement of the Parties under Fed. R. Evid. 502(e) and by Protective Order ("Order") of this Court under Fed. R. Evid. 502(d), no disclosure, production, or exchange of Information[1] whether inadvertent or otherwise in connection with this matter shall constitute a waiver of attorney-client privilege or of any work product protection in this or any other federal or state proceeding under any circumstances.

      2.      This Order applies to all documents and electronically stored information (as those terms are used in Fed. R. Civ. P. 34) and all other information produced, disclosed, or exchanged by the Parties[2] in connection with this matter, whether revealed in a document, electronically stored information, deposition, other testimony, discovery response, or otherwise (collectively, "Information").

---

[1] As defined in Paragraph 2 below.
[2] A "party" includes that party's respective corporate parents, subsidiaries, divisions, and affiliates, as well as that party's respective attorneys, agents, vendors, experts, representatives, officers, and employees.

3. This Order is entered pursuant to Fed. R. Evid. 502(d) and is intended to protect the Parties to the fullest extent permissible by law against any waiver of the attorney-client privilege and/or the work product protection that might otherwise arise from the disclosure of privileged or protected Information. This Order should be interpreted to provide the maximum protection allowed under the Federal Rules of Evidence and the Federal Rules of Civil Procedure.

4. This Order is intended, whenever permissible, to override any applicable contrary law or presumptions. Under this Order, the provisions of Fed. R. Evid. 502(b) expressly do not apply to this matter.

5. The Parties' agreement to this Order, and compliance with its terms, shall be understood, for all purposes within and outside this matter, to constitute reasonable and prompt efforts to preserve privileges and protections from discovery in respect to any disclosed privileged or protected Information.

6. This Order applies regardless of whether the Information describes or relates to actions taken in this matter, in prior or separate proceedings, or in other non-litigation matters.

7. A party receiving Information is under a good faith obligation to promptly alert the producing party in writing if Information that is produced, disclosed, exhibited, or communicated by a producing party appears to be privileged or work-product-protected either on its face or in light of facts known to the receiving party. Upon identification, the receiving party must not further review, use, or disclose that Information or any notes that disclose the substance of that Information, except as provided in Paragraphs 9 and 10, until further Order of the Court.

8. To effectuate a clawback, upon learning of the production of privileged or protected Information, the producing party shall promptly give written notice of the production of such Information ("Notice of Production") to all counsel of record. The producing party need not

provide any explanation or evidence regarding the reasonableness of the efforts taken to prevent production of such Information, and the receiving party agrees that it will not challenge the reasonableness of such efforts. The Notice of Production shall identify the Information that was produced, the format of the production (e.g., paper, electronically stored information), and the date(s) the Information was produced. If the producing party claims that only a portion of a document, electronically stored information, or tangible thing produced is privileged or protected Information, the producing party shall also provide a new copy of the Information with the allegedly privileged or protected portions redacted.

9. Upon receiving a Notice of Production or upon determining that Information it received is known to be privileged or protected in whole or in part, the receiving party must (to the extent it is technically feasible) promptly return, sequester, and/or destroy the Information and all copies and destroy any notes that reproduce, copy, or otherwise reflect or disclose the substance of the privileged or work-product-protected Information. Any such Information that may exist on any computer backup, archive, or other media that cannot be deleted with reasonable efforts may be retained until such time as the media is subject to routine deletion or destruction, provided that no person attempts to access the contents of the Information unless allowed under the terms of this Order. If the receiving party disclosed the privileged or work product-protected Information before receiving a Notice of Production or otherwise becoming aware of its nature as privileged or protected, it must take reasonable steps to retrieve and prevent further use or distribution of such Information unless allowed under the terms of this Order. The receiving party need not destroy copies of electronically stored information that may exist on backup or archival media, other media not regularly accessed by business users in the ordinary course of business, or on other storage

from which it cannot be deleted with reasonable effort, provided that should a copy of the Information be accessed, it will be destroyed at that time and not otherwise used.

10. If the receiving party contests the claim of privilege or work product protection in good faith, it still may not use or disclose the privileged or protected Information unless this Court has determined that the Information is not privileged or protected. However, the receiving party may not challenge the privilege or protected nature of the Information by arguing that the disclosure itself is a waiver of any applicable privilege.

11. To the extent any party obtains any privileged or protected Information through disclosure or communications, that party may not submit it to the Court, present it for admission into evidence, or seek it in discovery in this matter or in any other proceeding or action unless such filing is made under seal. If requested by the receiving party, and not ordered otherwise by the Court, the producing party shall provide the Information at issue to the Court for in camera review.

12. If the Court sustains the claim that the Information disclosed, produced, or exchanged is privileged or protected, the receiving party must (to the extent it is technically feasible), within ten (10) days of the Court's order, promptly return and/or destroy the Information and all copies and destroy any notes that reproduce, copy, or otherwise disclose the substance of the privileged or protected Information. The receiving party shall advise the producing party in writing of this return and/or destruction.

13. Nothing in this Order may be construed to require the production of any material that a party contends is protected from disclosure or production by the attorney-client privilege and/or the work product doctrine. Nothing in this Order shall be construed to limit a party's right to conduct a review of documents, electronically stored information, or data (including metadata)

for relevance, responsiveness, or segregation of privileged or protected material prior to production.

14. This Order remains in effect unless or until amended, altered, modified, or vacated by the Court or by the written agreement of all parties to this matter filed with the Court, pursuant to the Federal Rules of Civil Procedure.

**SO ORDERED:**

2/14/23
Date

U.S. District Judge for the Southern District of New York